## DUCKWITZ v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

No. 4897.

**1. Internal revenue ⟐47(5).**

Evidence *held* to sustain conviction under revenue laws for carrying on business of distiller without giving bond, and for making mash on premises not a duly authorized distillery.

**2. Criminal law ⟐742(1).**

Credibility of witnesses and sufficiency of explanation of incriminating circumstances are questions for jury.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Pete Duckwitz was convicted of carrying on the business of a distiller of spirits without having given bond as required by revenue law, and with having made and fermented mash fit for distillation of spirits on premises not then and there a duly authorized distillery, and he brings error. Affirmed.

James F. O'Brien, of Tacoma, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Carroll A. Gordon, Asst. U. S. Atty., of Tacoma, Wash.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment of conviction on two counts under the revenue laws; the first count charging that the plaintiff in error carried on the business of a distiller of spirits without having given a bond as required by law; the second count charging that he made and fermented mash fit for distillation of spirits on certain premises not then and there a distillery duly authorized according to law. Refusal of the court to direct a verdict of not guilty at the close of the testimony is the only ruling assigned as error, aside from a formal assignment based on the order denying a motion for a new trial.

[2] The testimony on the part of the government tended to show that prohibition officers found a still set up and in operation, a quantity of intoxicating liquor, a number of barrels, a large quantity of mash, corn sugar, and other paraphernalia used in the distillation of spirits, in a secluded place at some distance from the residence of the plaintiff in error; that tracks or a path led from the still to the residence of the plaintiff in error; that a large quantity of corn sugar, such as was found at the still, and such as is commonly used in the distillation of spirits, and containers for liquor and valises used in the transportation of liquor, were found in the possession of the plaintiff in error at his residence; that the bill for the corn sugar was addressed to the place with the green fence; and that such a fence surrounded the premises occupied by the plaintiff in error. The commission of the two offenses was not in dispute, and the foregoing testimony and other surrounding circumstances would seem ample to warrant the submission of the case to the jury. True, the plaintiff in error denied the charges and attempted to explain away the

incriminating circumstances; but the credibility of the witness and the sufficiency of the explanation offered were for the jury, and not for the court.

The judgment is affirmed.