## BARONE v. UNITED STATES.
### No. 7952.

Circuit Court of Appeals, Ninth Circuit.

Feb. 14, 1938.

Edward F. Boyle, of San Diego, Cal., for appellant.

Ben Harrison, U. S. Atty., and Francis Whelan, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by defendant from a judgment entered upon verdict of guilty on two counts of violation of 19 U.S.C.A. § 1593; smuggling merchandise into the country, and concealing merchandise smuggled into the country. He was fined $50 and sentenced to one year on each count, the sentence to run concurrently.

The sole question on this appeal, raised by defendant's motion for a directed verdict, is whether the evidence is sufficient to warrant a verdict of guilt.

The evidence shows that the defendant is a resident of Tia Juana, Mexico, where he operates a garage. He has no past criminal record and has a good reputation in his community.

On the day of his arrest he left his garage, bound for the border, driving a Cadillac automobile. With him were a friend, Cancino, and a Mexican policeman, Melendrez. Defendant was stopped at the border and his car searched. In a comparatively inaccessible place in its structure, the dustpan underneath the oil crank case, was found a bottle and a paper bundle. The bottle contained milk of magnesia, and the paper two bindles of narcotics. Defendant was not charged with smuggling the milk of magnesia.

A United States narcotics inspector testified that the narcotics would have been worth about $4 in the illegal market.

The officers who searched the car and found the drugs testified they had been tipped off by telephone that Barone had them concealed in his car.

The defendant testified that he was totally unaware of the presence of the drugs in his car. There is uncontradicted

evidence that he had been searched many times previously and that no narcotics had been found.

There is uncontradicted evidence that a certain character in Tia Juana, known as John the Greek, frequented Barone's garage, and that John the Greek, having a violent dislike for Barone, had threatened to "get" him. On the morning of the arrest, before defendant and his friend Cancino left for the border, defendant, Cancino, and John the Greek were all in contact with the Cadillac; that is to say, looking it over, testing the oil, putting gas in, and so forth. Any one of the three could have at that time placed the package where it was later found by the customs inspectors.

The defendant could have taken another car from his garage to use to drive across the border. The Cadillac had a badly leaking radiator which not only made it unwise to drive it when another car was available, but it is also shown that the leak made a search for concealed articles particularly difficult. This is urged by the government to be very persuasive against the defendant.

Barone testifies that he intended to take another car, but that Cancino, his companion, wished to take the Cadillac. Cancino's testimony backs him up in this. Melendrez, the policeman who rode with Barone and Cancino, states, however, that it was Barone's idea to take the Cadillac.

This is substantially all the evidence in this case. The statute, 19 U.S. C.A. § 1593, under which the indictment was had provides in part:

"(c) *Presumptions.* Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

This statute is valid and places upon the defendant the burden of proving his innocence, once the government has established his possession of the incriminating articles. Yee Hem v. U. S., 268 U.S. 178, 182, 45 S.Ct. 470, 69 L.Ed. 904.

The presumption is sufficient to sustain the verdict of guilt in this case. Upon the defendant rested the burden of satisfying the jury of the innocence of his possession. The only explanation of the defendant's possession of the illegal merchandise is his own testimony. This testimony is free from internal contradiction and, if believed, is a complete exoneration. The only warrant for not accepting it is a disbelief in his credibility. There was a contradiction by the policeman of defendant's story of the choice of the automobile. A witness' credibility is solely for the jury, and their province in this respect may not be invaded by an appellate court. Segurola v. U. S., 275 U.S. 106, 112, 48 S.Ct. 77, 79, 72 L.Ed. 186; Rendleman v. U. S., 9 Cir., 38 F.2d 779, 780; Duckwitz v. U. S., 9 Cir., 15 F.2d 195, 196. In this last-cited case the court said: "True, the plaintiff in error denied the charges and attempted to explain away the incriminating circumstances; but the credibility of the witness and the sufficiency of the explanation offered were for the jury, and not for the court."

Affirmed.