944 F.2d 51
 UNITED STATES of America, Appellee,
v.
Santos Jesus MARTINEZ-TORRES, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Luis Alfredo MARTINEZ-TORRES, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Epifanio MARTINEZ-TORRES, Defendant, Appellant.
 Nos. 87-2006 to 87-2008.
 United States Court of Appeals,
First Circuit.
 Sept. 13, 1991.
 
 Before BREYER, Chief Judge, and ALDRICH, CAMPBELL, TORRUELLA, SELYA and CYR, Circuit Judges.
 
 ORDER OF THE EN BANC COURT
 
 1
 On July 31, 1991, we issued an order directing the appellants to show cause why this court's orders of August 20, 1990, vacating and remanding for a new trial but staying mandate, see United States v. Martinez-Torres, 912 F.2d 1552, 1556 (1st Cir.1990) (en banc), should not now be vacated in light of the Supreme Court's decision in Peretz v. United States, --- U.S. ----, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). We have carefully considered the appellants' response to the show-cause order. Notwithstanding the arguments mustered therein, we believe that Peretz controls. Hence, we vacate our prior en banc opinion; summarily reject, on the basis of Peretz, the appellants' assignment of error related to jury empanelment by a magistrate rather than by a district judge; and reinstate the original panel opinions, 912 F.2d at 1542, and 912 F.2d at 1536, respectively, thereby affirming the judgments of conviction below.
 
 
 2
 While we believe that Peretz plainly dictates the course we must pursue in this case, and that further comment would for the most part be supererogatory, we add two observations. First, the appellants attempt to distinguish Peretz because, in this circuit, they faced the precedent of United States v. Rivera-Sola, 713 F.2d 866 (1st Cir.1983) at the time of jury empanelment. Yet, as pointed out both in the first panel opinion in this case, 912 F.2d at 1549, and by the dissenters en banc, e.g., 912 F.2d at 1560-61 (Selya, J., dissenting); id. at 1561-63 (Campbell, J., dissenting), there was no precedential barrier either to district judges themselves conducting jury empanelments or to parties requesting that judges do so. Second, insofar as the appellants urge that a magistrate might only empanel in a felony case upon the defendant's specific, written consent, it is dispositive to note that in Peretz itself no such written consent existed. See Peretz, 111 S.Ct. at 2663 & n. 2 (describing consent obtained). Moreover, the Peretz Court made clear that, "permitting a magistrate to conduct the voir dire in a felony trial when the defendant raises no objection is entirely faithful to the congressional purpose in enacting and amending the Federal Magistrates Act," id. 111 S.Ct. at 2671; and, consequently, "a defendant has no constitutional right to have an Article III judge preside at a jury selection if the defendant has raised no objection to the judge's absence." Id. at 2669.
 
 
 3
 The appellants' motions (1) that the appeals be reheard en banc and (2) that the appeals be reargued, are each denied.