958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Luis Romero LOPEZ, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 No. 91-2144.
 United States Court of Appeals,
First Circuit.
 
 March 20,1992
 Luis Romero Lopez on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, Robert S. Mueller, III, Assistant Attorney General, Mary Lee Warren, Chief, Eumi L. Choi and Danny S. Ashby, Attorneys, Criminal Division, Narcotic and Dangerous Drug Section, Department of Justice, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, Luis Romero Lopez, has appealed from the district court's denial of his motion, filed under 28 U.S.C. § 2255, to vacate his sentence. We affirm the judgment of the district court.
 
 BACKGROUND
 
 2
 Appellant was convicted of being part of a conspiracy with intent to possess and distribute marijuana and aiding and abetting the importation and possession of marijuana. On direct appeal, appellant presented three issues: (1) he was prejudiced because, although a single conspiracy was charged, the evidence demonstrated multiple conspiracies; (2) the indictment was invalid; and (3) the district court's finding that he was a dangerous special drug offender was in error. We rejected these arguments and affirmed appellant's conviction. United States v. Rivera-Santiago, 872 F.2d 1073, 1086-89 (1st Cir.), cert. denied, 493 U.S. 832 (1989).
 
 
 3
 Appellant then filed the present § 2255 petition. He raises only one ground for relief-his conviction is invalid because a magistrate judge, rather than an Article III judge, presided over jury selection at his trial. For this proposition, appellant relies on Gomez v. United States, 490 U.S. 858 (1989). Gomez held that magistrates do not have the authority to conduct jury empanelment in felony cases over a defendant's objection. By the time the district court judge ruled on appellant's § 2255 motion, however, the Supreme Court had elaborated upon the reach of Gomez. In Peretz v. United States, 111 S.Ct. 2661 (1991), the Court indicated that failure to object, as well as affirmative consent, is sufficient to validate jury selections over which magistrates have presided; that is, "permitting a magistrate to conduct the voir dire in a felony trial when the defendant raises no objection is entirely faithful to the congressional purpose in enacting and amending the Federal Magistrates Act." Id. at 2671 (footnote omitted) (emphasis added).
 
 
 4
 Appellant argues that his failure to object is excusable, relying on our en banc decision in United States v. Martinez-Torres, 912 F.2d 1552 (1st Cir. 1990). In that case, decided prior to Peretz, we held that because of the local rule in Puerto Rico authorizing magistrates to conduct voir dire and select juries, and due to our opinion in United States v. Rivera-Sola, 713 F.2d 866 (1st Cir. 1983) (holding that where defendant failed to object in district court, magistrate empanelment was not "plain error" where defendant did not demonstrate prejudice), the failure to object is "entirely excusable." Martinez-Torres, 912 F.2d at 1554-55.
 
 
 5
 After the decision in Peretz, however, we vacated Martinez-Torres and reinstated our decision in United States v. Lopez-Pena, 912 F.2d 1542 (1st Cir. 1989), cert. denied, 111 S.Ct. 2886 (1991). See United States v. Martinez-Torres, 944 F.2d 51 (1st Cir. 1991) (order en banc). In Lopez-Pena, we held that the failure to object to magistrate-presided jury selection is not excusable. Rather, we determined that the local rule and Rivera-Sola did not present such a "solid wall" of authority that would render objecting "like shouting into a gale-force wind." Id. at 1549.
 
 
 6
 Under Peretz, it is plain that "a defendant has no constitutional right to have an Article III judge preside at jury selection if the defendant has raised no objection to the judge's absence." Peretz, 111 S.Ct. at 2669. And, in light of Lopez-Pena, appellant's failure to object was not justified. Thus, in these circumstances, petitioner is not entitled to any relief based on the magistrate's-rather than the court's-presiding over jury selection.
 
 
 7
 The judgment of the district court is affirmed.[1]
 
 
 
 [1]
 Because the magistrate's action was not barred by Gomez, we do not consider, and thus express no opinion on, the question whether Gomez applies retroactively in a habeas action