PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**

**ELEVENTH CIRCUIT**

**09/21/99**

**THOMAS K. KAHN**

**CLERK**

_____

No. 98-4562

_____

D.C. Docket No. 97-CR-677-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIET MARAGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 21, 1999)**

Before BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.*

_____

*This decision is rendered by a quorum, due to the retirement of then-Chief Judge Hatchett on May 14, 1999. *See* 28 U.S.C. § 46(d).

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

PER CURIAM:

In *United States v. Maragh,* No. 98-4562, 174 F.3d 1202 (11th Cir. 1999), we held that in order to give a magistrate judge the authority to conduct voir dire of the jury in a criminal case, the consent of the defendant must be reflected in the record. We adhere to that decision except to the extent that it indicated we were applying the plain error standard of review.

Upon further consideration, we have examined the question of whether this decision could be made in this case in view of the fact that there was no objection to the conduct of voir dire by the magistrate judge in this case. We do not repeat here the parts of the opinion that serve as a backdrop for this supplemental opinion. The failure to object here raises two issues: first, whether the plain error standard of review bars relief to the defendant on this appeal; and second, whether the failure to object is sufficient to give the magistrate judge the authority to conduct the voir dire.

The plain error argument goes like this: no objection was made to the procedure in the district court; this court can reverse only if there was plain error; there can be no plain error in this case because there is no settled law that consent by the defendant's counsel, without the record reflecting that it was also the consent of the defendant, was insufficient to authorize the magistrate judge to proceed with the

2

voir dire. Thus, the argument is that even if we are right as to what the record must show, the defendant cannot get relief in this case because that was not clear law, and therefore not plain error.

We reject this argument following the lead of the United States Supreme Court in *Peretz v. United States*, 501 U.S. 923 (1991). The only difference between that case and this one is that there the record clearly reflected that the defendant, not just counsel, consented to the conduct of the voir dire by the magistrate judge. In that case, however, as here, there was no objection to the conduct of the voir dire by the defendant or his counsel. Not only had there been no decision on whether the consent of the defendant was sufficient, but the Supreme Court had directly held two years before that a magistrate judge did not have jurisdiction to conduct jury voir dire in a felony trial. *See Gomez v. United States*, 490 U.S. 858, 873-76 (1989). Nevertheless, the Court addressed the merits of the argument and held that as long as a defendant consented, a magistrate judge, rather than an Article III judge, could conduct voir dire in a felony case under 28 U.S.C. § 636(b)(3). *See Peretz*, 501 U.S. at 935-36. "In sum, the structure and purpose of the Federal Magistrates Act convince us that supervision of voir dire in a felony proceeding is an additional duty that may be delegated to a magistrate judge under 28 U.S.C. § 636(b)(3) [28 U.S.C.S. § 636(b)(3)], if the litigants consent." *Peretz,* 501 U.S. at 935 (footnote omitted). This is a decision

3

that would not have been considered if the plain error standard of review had been applied.

Justice Scalia endorsed this procedure in a dissent by reasoning that the only way this issue would ever be presented for review is when there is no objection. We quote Justice Scalia at length because it specifically sets forth the rationale for not strictly applying the plain error standard of review in this case.

> As a general matter, of course, a litigant must raise all issues and objections at trial. *See Freytag v. Commissioner*, 501 U.S. 868, 894-895, 111 S.Ct. 2631, 2646-2647, 115 L.Ed.2d 764 (SCALIA, J., concurring in judgment). For criminal proceedings in the federal courts, this principle is embodied in Federal Rule of Criminal Procedure 51, which requires 'a party, at the time the ruling or order of the [trial] court is made or sought, [to] mak[e] known to the court the action which that party desires the court to take or that party's objection to the action of the court and the grounds therefor.'
> Rule 51's command is not, however, absolute. One of the hoariest precepts in our federal judicial system is that a claim going to a court's subject-matter jurisdiction may be raised at any point in the litigation by any party. *See Freytag, at 896, 111 S.Ct., at 2648* (SCALIA, J., concurring in judgment). Petitioner seeks to invoke that exception here, relying on our statement in Gomez that the Magistrate lacked 'jurisdiction to preside' over the voir dire in that case, 490 U.S., at 876, 109 S.Ct., at 2248. But, as Judge Easterbrook has aptly observed, ' "jurisdiction" ... is a many-hued term.' *United States v. Wey*, 895 F.2d 429, 431 (CA7), *cert. denied*, 497 U.S. 1029, 110 S.Ct. 3283, 111 L.Ed.2d 792 (1990). We used it in Gomez as a synonym for 'authority,' not in the technical sense involving subject-matter jurisdiction. The judgment here is the judgment of the District Court; the relevant question is whether it had subject-matter jurisdiction; and there is no doubt that it had. The fact that the court may have improperly delegated to the Magistrate a function it should have performed personally goes to the lawfulness of the manner in which it acted, but not to its jurisdiction

4

to act.

This venerable exception to the contemporaneous-objection rule being inapplicable here, petitioner plainly forfeited the right to advance his current challenges to the Magistrate's role. In certain narrow contexts, however, appellate courts have discretion to overlook a trial forfeiture. The most important of these is described in Federal Rule of Criminal Procedure 52(b): In criminal cases, an appellate court may notice 'errors or defects' not brought to the attention of the trial court if they are 'plain' and 'affec[t] substantial rights.' *See United States v. Young*, 470 U.S. 1, 15, and n.12, 105 S.Ct. 1038, 1046, and n.12, 84 L.Ed.2d 1 (1985). Petitioner's contention that this case falls into that exception comes up against our admonition that Rule 52(b) applies only to errors that are obvious as well as significantly prejudicial. *See, e.g., United States v. Frady*, 456 U.S. 152, 163, and nn.13, 14, 102 S.Ct. 1584, 1592, and nn.13, 14, 71 L.Ed.2d 816 (1982). The error alleged here was anything but obvious. At the time this case was tried, the Second Circuit had held that a magistrate was authorized to conduct felony voir dire even if the defendant objected, *see United States v. Garcia*, 848 F.2d 1324 (1988), *rev'd sub nom. Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). No Circuit had held that it was error for a magistrate to conduct voir dire where the defendant consented. Perhaps the best indication that there was no 'plain' error, of course, is that five Justices of this Court today hold that there was no error at all.

Even when an error is not 'plain,' this Court has in extraordinary circumstances exercised discretion to consider claims forfeited below. *See, e.g., Glidden Co. v. Zdanok*, 370 U.S. 530, 535-536, 82 S.Ct. 1459, 1464-1465, 8 L.Ed.2d 671 (1962) (opinion of Harlan, J.); *Grosso v. United States*, 390 U.S. 62, 71-72, 88 S.Ct. 709, 715, 19 L.Ed.2d 906 (1968); *Hormel v. Helvering*, 312 U.S. 552, 556-560, 61 S.Ct. 719, 721-723, 85 L.Ed. 1037 (1941). In my view, that course is appropriate here. Petitioner's principal claims are that the Federal Magistrates Act does not allow a district court to assign felony voir dire to a magistrate even with the defendant's consent, and that in any event the consent here was ineffective because given orally by counsel and not in writing by the defendant. By definition, these claims can be advanced only by a litigant who will, if ordinary rules are applied, be deemed to have forfeited them: A defendant who objects will not be assigned to the magistrate at all.

5

Thus, if we invariably dismissed claims of this nature on the ground of forfeiture, district courts would never know whether the Act authorizes them, with the defendant's consent, to refer felony voir dire to a magistrate, and, if so, what form the consent must take. *Cf.* 18 U.S.C.S. 3401(b) (defendant's consent to magistrate in misdemeanor trial must be in writing).

Given the impediments to the proper assertion of these claims, I believe we are justified in reaching the statutory issue today to guide the district courts in the future performance of their duties. It is not that we must address the claims because all legal questions require judicial answers, *cf. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 489, 102 S.Ct. 752, 767, 70 L.Ed.2d 700 (1982); *Webster v. Doe,* 486 U.S. 592, 612-613, 108 S.Ct. 2047, 2058-2059, 100 L.Ed.2d 632 (1988) (SCALIA, J., dissenting), but simply that the relevant rules and statutes governing forfeiture, as we have long construed them, recognize a limited discretion which it is eminently sensible to exercise here.

*Peretz,* 501 U.S. at 953-55 (footnote omitted).

The Supreme Court has consistently endorsed appellate jurisdiction to consider fundamental judicial administration without regard to the contemporaneous objection rule. In *Glidden Co. v. Zdanok*, 370 U.S. 530 (1962), which involved a challenge to what petitioners claimed was an Article I judge (Court of Claims) performing an Article III function (sitting by designation on the U.S. Court of Appeals), the Court reached the issue despite its not having been raised below. It stated that

[W]hen the statute claimed to restrict authority is not merely technical but embodies a strong policy concerning the proper administration of judicial business, this Court has treated the alleged defect as 'jurisdictional' and agreed to consider it on direct review even though not raised at the earliest practicable opportunity.

*Glidden*, 370 U.S. at 535-36.

The Petition for Rehearing of the United States makes two arguments that would, on the merits, require an affirmance of the conviction insofar as the conduct of the jury voir dire by the magistrate judge is concerned. First, it is argued that the consent of counsel for the defendant is sufficient to comply with the mandate of *Peretz,* and that the defendant is bound by that consent. Second, it is argued that the failure of the defendant to object to the voir dire by the magistrate judge constituted a waiver of the right to have an Article III judge preside over jury selection. In respect to these arguments, we adhere to our prior opinion, holding that the record must reflect the consent of the defendant herself.

The Petition for Rehearing is DENIED.