# United States Court of Appeals

## For the First Circuit

No. 00-1449

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

EDWIN OSORIO-PEÑA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Chief Judge,
Lynch and Lipez, Circuit Judges.

Neil M. Nameroff for appellant.
Michelle Morales, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief, for appellee.

April 26, 2001

**LIPEZ,** **Circuit Judge.**  The district court denied the defendant's motion for a new trial on the ground that his claim of ineffective assistance of counsel did not meet the standard for "newly discovered evidence" under Federal Rule of Criminal Procedure 33.  The defendant appeals that ruling.  In the alternative, he asks us to decide his ineffective assistance claim on direct appeal, contending that the record is sufficiently developed for us to do so.  We affirm the denial of the motion for a new trial and do not decide the defendant's ineffective assistance claim.

## I.

In the early hours of August 1, 1997, Puerto Rican police executed a search warrant at the home of Edwin Osorio-Peña.  They found drug paraphernalia and drug ledgers.  Based on this evidence, Osorio-Peña was indicted on August 6 and charged with three separate counts under 21 U.S.C. § 841(a)(1): possession with intent to distribute heroin, possession with intent to distribute marijuana, and possession with intent to distribute cocaine.  Osorio-Peña pled not guilty and went to trial.  On November 26, 1997, a jury found him guilty of all three counts.  Osorio-Peña was later sentenced to 78 months in prison and four years supervised release.

Three months after his conviction, the defendant retained new counsel who continues to represent him on this appeal. On October 1, 1998, ten months after his conviction, the defendant filed a motion for a new trial under Federal Rule of Criminal Procedure 33. Rule 33 provides that a motion for a new trial must be made within seven days after a guilty finding unless "based on the ground of newly discovered evidence," in which case the motion may be made within two years after the verdict. Fed. R. Crim. P. 33. The defendant claimed that his motion fell under the "newly discovered evidence" exception to the seven-day time limit. He argued that his trial lawyer provided ineffective assistance of counsel by failing to file a motion to suppress the warrant used to search his house, and by failing to file a motion for a new trial within Rule 33's seven-day deadline. Osorio-Peña said that the warrant gave a wrong address and wrong description of the house, thus violating the Fourth Amendment's requirement that warrants must "particularly describ[e] the place to be searched." U.S. Const. amend. IV. He argued that his ineffective assistance claim based on his lawyer's failure to challenge the warrant came within Rule 33's "newly discovered evidence" provision because he himself did not become aware of the warrant's errors or their legal significance until after trial.

The warrant at issue describes the property to be searched as: "A white two story concrete structure located at: Urbanizacion

-3-

Mariolga, Calle 26, T#2, Caguas, Puerto Rico." A police affidavit sworn out to obtain the warrant said that according to a confidential informant, a large quantity of heroin had been delivered to this address, and that its recipients were a woman with the last name of Fnu Lnu and her husband, a.k.a. "Brunly." The defendant said that the address in the warrant was incorrect because he lives in the urbanizacion, or neighborhood, of Villas del Rio Verde rather than Mariolga, and that the description was incorrect because his house is a one-story building painted (at the time of the search) light green with pink trim. He also contended that he has no relationship with the people to whom the warrant referred.

The same magistrate judge who issued the warrant held an evidentiary hearing on the defendant's motion for a new trial on December 18, 1998. The magistrate judge asked for and received an affidavit from Osorio-Peña's trial counsel, Benito I. Rodríguez-Massó, in which he explained that he did not file a motion to suppress the warrant because "[t]he defendant at all times stated that his address was indistinctively referred to as 'Urbanicazion Mariolga' or 'Villas del Rio Verde.'" The magistrate judge also heard testimony from a Puerto Rican police officer about the steps taken to obtain the search warrant. The officer said that a confidential informant provided the address that appears in the search warrant to another officer, and that

he and this officer conducted surveillance at the defendant's house for two or three hours before executing the search.

In a report and recommendation, the magistrate judge found that the defendant's ineffective assistance claim met the standard for "newly discovered evidence" under Rule 33 because the "defendant was not aware of the search warrant's physical description of the residence to be searched until after trial."  She based this conclusion on the absence of any mention in the trial transcript of the warrant's description of the house, and on Rodríguez-Massó's statement that he only discussed the wrong address with the defendant.  The magistrate judge recognized our holding that

> [a] motion for new trial on the basis of newly discovered evidence will ordinarily not be granted unless the moving party can demonstrate that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material, and not merely cumulative or impeaching; and (4) it will probably result in an acquittal upon retrial of the defendant.

United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980).  The magistrate judge said that Osorio-Peña met the four elements of this standard.  His lawyer's failure to discuss the warrant's descriptive errors with him meant that the defendant "did not know, nor did he have any reason to know, either (1) that the search warrant contained a physical description of the residence to be searched or (2) that the

physical description did not match his residence." The evidence was material because it "goes to the legality of the execution warrant," and was likely to result in acquittal because it was "questionable" whether the defendant would have been tried without the fruits of the search of his home.

Finding that the defendant's motion for a new trial was not time-barred, the magistrate judge considered the merits of his ineffective assistance claim. She concluded that the warrant used to search Osorio-Peña's home included several errors,[1] and that his trial lawyer did not provide effective assistance of counsel because he failed to challenge the warrant. The government filed a written objection to the magistrate judge's factual findings with the district court and argued that she should not have addressed the ineffective assistance claim because it did not meet the "newly discovered evidence" standard. The district court did not rule on the government's objections to the magistrate judge's factual findings,

---

[1] The magistrate judge found that while the defendant's street address is Calle 26, T#2 in the city of Caguas, he lives in the urbanizacion, or neighborhood, of Villas del Rio Verde rather than Mariolga. However, she also found that the two neighborhoods are close together and often referred to interchangeably. In addition, the magistrate said that the defendant's house is a one-story building painted (at the time of the search) light green with pink trim rather than the two-story white structure described in the warrant. The magistrate also said that it was "still unknown" why the warrant included no reference to Osorio-Peña, given the tip from the confidential informant and the surveillance conducted by the police.

instead holding that Rule 33 did not entitle the defendant to a new trial because his ineffective assistance claim was not based on newly discovered evidence.  We review the district court's denial of a motion for a new trial for abuse of discretion.  See United States v. Winter, 663 F.2d 1120, 1155 (1st Cir. 1981).

## II.

On appeal, Osorio-Peña repeats his argument that his ineffective assistance claim, based on his lawyer's failure to challenge the warrant, came within Rule 33's "newly discovered evidence" provision.  Osorio-Peña does not dispute that the warrant was available to his lawyer, Rodríguez-Massó (or indeed that he and his lawyer briefly discussed the warrant).  Instead, he argues that he is entitled to Rule 33's "newly discovered evidence" extension because the information in the warrant was unavailable to him personally at trial in two ways: (1) Rodríguez-Massó did not tell him about the warrant's inaccurate physical description of his house, other than the wrong address; and (2) even if he had known those facts, he would not have appreciated their legal significance without a lawyer's help because he is a Spanish-speaking layperson.

Osorio-Peña relies primarily on our own precedent, United States v. Lema, 909 F.2d 561 (1st Cir. 1990).  Lema argued that his ineffective assistance claim met Rule 33's "newly discovered evidence" standard because it was based on his lawyer's failure to investigate

the existence of audiotapes made by the government which would contradict the testimony of government witnesses.  Id. at 564-65.  Lema contended that he was unaware of the tapes until he looked at his lawyer's file after trial and found transcripts of them.  Id. at 565. On appeal, we said that "Lema may bypass Rule 33's seven-day time limit only if his claim that his counsel failed to discover and/or review the tapes was based on information unavailable to the defendant at the time of trial."  Id. at 566.

Reading this statement as referring to information that is unavailable to the defendant himself, Osorio-Peña argues that any information available to his lawyer cannot be attributed to him.  If he discovered facts after the trial known only to his lawyer at the time of trial, he argues, his personal discovery meets the definition of "newly discovered evidence."  The magistrate judge agreed with this premise in finding that Osorio-Peña's claim came within Rule 33's "newly discovered evidence" provision because the defendant did not know of the warrant's descriptive errors, and because his failure to learn of this evidence was not due to his own lack of diligence.  The premise for these findings is erroneous.

It is true that Lema sometimes discusses "information unavailable to the defendant" in terms of Lema's own awareness of the existence of the tapes.  The court says that "passages from the testimony make abundantly clear [that] Lema was aware at the time of

trial that there were tape recordings." Id. at 567.  The court also says: "There is no doubt that Lema was aware at the time of trial of the existence of tapes and transcripts of the conversations to which government witnesses were testifying."  Id. at 568.

Despite these references to the defendant's own knowledge, the dispositive facts in Lema were defense counsel's access to the tapes before trial, references to the tapes in the docket record, and a pre-trial letter from the government to Lema's lawyer discussing them.  Id. at 568 and n. 9.  These facts go to defense counsel's knowledge of the tapes, not Lema's personal knowledge of them.  In addition, Lema stated this general proposition: "An interpretation that would consider facts known at the time of trial to be 'newly discovered,' if cloaked in the garb of a claim of ineffective assistance of counsel, flies in the face of the plain meaning of the rule and the traditional understanding of the narrowness of the time exception." Id. at 566.  Properly read, Lema precludes defendants from prevailing under Rule 33's "newly discovered evidence" provision when their lawyers knew at trial about the evidence that defendants now claim is newly discovered.[2]

_____

[2] Of course, if Osorio-Peña wanted to argue that even his lawyer did not know about the content of the warrant, he would have to demonstrate that his lawyer's failure to learn of this evidence was not due to lack of diligence to come within Rule 33's "newly discovered evidence" provision.  See Wright, 625 F.2d at 1019.  Again, in the circumstances presented here, it is the diligence of the defendant through his lawyer that is at issue, not the diligence of the defendant

Osorio-Peña alternately argues that the warrant's errors are newly discovered because his lawyer did not explain their legal significance to him. Lema precludes this argument as well by holding that Rule 33 puts the burden on the defendant to raise concerns about his lawyer's investigation of evidence within seven days. Id. at 568 ("If [Lema] believed that these tapes contained exculpatory evidence and that more discovery should have been done or that his attorney inadequately represented him in this regard, he was able to raise the issue within the seven-day period governing motions for new trial."). The majority of circuits similarly have held that facts giving rise to ineffective assistance claims are not newly discovered evidence under Rule 33 if the facts were available to the defendant at trial but he or she did not appreciate their legal significance. See United States v. Seago, 930 F.2d 482, 488-90 (6th Cir. 1991); United States v. Ugalde, 861 F.2d 802, 805-06 (5th Cir. 1988); United States v. Dukes, 727 F.2d 34, 39 (2d Cir. 1984); United States v. Lara-Hernandez, 588 F.2d 272, 275 (9th Cir. 1978); United States v. Ellison, 557 F.2d 128, 132-34 (7th Cir. 1977), cert. denied, 434 U.S. 965 (1977). But see United States v. Brown, 476 F.2d 933, 935 n.11 (D.C. Cir. 1973); United States v. Smallwood, 473 F.2d 98, 104 (D.C. Cir. 1972) (Bazelon, C. J., concurring).

---

himself.

In sum, "courts have given a narrow meaning to the phrase 'newly discovered.'" <u>Lema</u>, 909 F.2d at 566. This narrow interpretation reflects Rule 33's emphasis on finality. As the Seventh Circuit has said: "The practical difficulties faced by defendants seeking to raise ineffective-assistance-of-counsel claims by way of motions for a new trial . . . do not give us cause to corrupt the clear language of Rule 33. Newly discovered evidence must be newly discovered evidence." <u>Ellison</u>, 557 F.2d at 133.

As an alternative to his Rule 33 motion, Osorio-Peña asks us to make the ineffective assistance determination on direct appeal. "The rule in this circuit is that a fact-specific claim of ineffective legal assistance cannot be raised initially on direct review of a criminal conviction, but must originally be presented to the district court." <u>United States</u> v. <u>Hunnewell</u>, 891 F.2d 955, 956 (1st Cir. 1989). This practice exists largely to allow for full development of the record needed to "place the adequacy of a defendant's representation into proper perspective." <u>United States</u> v. <u>Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1991). On occasion, when the trial record has included all the relevant facts, we have departed from this rule and decided ineffective assistance claims on direct appeal. <u>See, e.g.</u>, <u>id.</u>; <u>United States</u> v. <u>Caggiano</u>, 899 F.2d 99, 100 (1st Cir. 1990). Osorio-Peña argues that the evidentiary hearing before the magistrate judge produced a full record of the facts relating to his ineffective

assistance claim.  His counsel said at oral argument that requiring him to file a habeas petition under 28 U.S.C. § 2255[3] would be "pointless." We disagree.

A defendant claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Because of the difference between this standard and the standard for "newly discovered evidence," the record relevant to Osorio-Peña's ineffective assistance claim is not fully developed.  While some of the evidence at the Rule 33 hearing before the magistrate judge related to the ineffective assistance claim, the defendant's motion for a new trial, and the post-trial proceedings that followed, focused primarily on whether the basis for the claim was newly discovered.  The magistrate judge reached the merits of the ineffective assistance claim, but the district court did not.  Osorio-Peña's brief on appeal also is primarily devoted to the Rule 33 issue rather than the underlying ineffective assistance claim.  At oral argument, several factual disputes emerged that go to the merits of the ineffective

---

[3] The statute allows a defendant convicted in federal court to move the sentencing court to vacate, set aside or correct his or her sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

assistance claim.[4]  Osorio-Peña's brief does not set forth the defendant's position on several of these contested issues.[5]

Given these factors, we think the most prudent course is to decline to decide the defendant's ineffective assistance claim. Raising that claim in a habeas petition will allow Osorio-Peña to focus squarely on why his lawyer's performance may have fallen below an objective standard of reasonableness when the lawyer decided not to file a motion to suppress the search warrant.  We express no view as to the merits of this claim, see Lema, 909 F.2d at 568, or as to the magistrate judge's factual findings and the government's objection to them.

**Affirmed**.

---

[4] For example, the government said that the confidential informant brought the police to Osorio-Peña's address, and provided the information about an incoming drug delivery that supports the probable cause basis for the warrant.  Osorio-Peña said that the confidential informant's tip had nothing to do with the defendant, and that there was no probable cause for the search because the police, in conducting surveillance of Osorio-Peña's house, observed no suspicious activity. This dispute may matter because to meet the standard for ineffective assistance, the defendant must show that his lawyer's failure to challenge the warrant prejudiced him.  See Strickland, 466. U.S. at 687.

[5] Citing the record's incompleteness, the government withdrew at oral argument its agreement in its brief to direct review of the ineffective assistance claim. See Natanel, 938 F.2d at 309 (reviewing an ineffective assistance claim on direct appeal partly because "[n]either side suggests that there is any need for further factfinding").