[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

No. 05-10802
Non-Argument Calendar
_____

D. C. Docket No. 04-00095-CR-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 23, 2005)

Before TJOFLAT, ANDERSON  and DUBINA, Circuit Judges.

PER CURIAM:

Andre Williams appeals his conviction for being a felon in possession of a

firearm in violation of 18 U.S.C. §§ 922(g), 924(e).  On appeal, Williams argues that his conviction for being a felon in possession of a firearm should be reversed because it was based on hearsay admitted in violation of his Confrontation Clause rights.  He contends that the government violated Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), by introducing testimonial hearsay through a Bureau of Alcohol, Tobacco, and Firearms ("BATF") agent regarding the state where the gun at issue was manufactured without showing that the hearsay declarant was unavailable or providing him the opportunity to cross-examine the declarant.  He asserts that the agent's testimony was not based on personal knowledge but was based on hearsay statements collected for law enforcement purposes, including conversations with Smith & Wesson historians. He also claims that the BATF publications the agent consulted were testimonial hearsay because the gun manufacturers provided the data in the publications and could expect that the information would be used for law enforcement purposes.  He concedes that some of the agent's testimony was not based on testimonial hearsay, but contends that once the testimonial hearsay portions are excised, there is insufficient evidence to sustain his conviction. He also concedes that we have held that hearsay testimony may be used by firearms interstate nexus experts, but submits that this holding is inapposite because it was decided before Crawford.

2

Sufficiency of the evidence is reviewed <u>de novo</u>, with all evidence viewed in a light most favorable to the United States and all reasonable inferences drawn in its favor. <u>See</u> <u>United States v. Fallen</u>, 256 F.3d 1082, 1087 (11th Cir. 2001). We "need only find that a reasonable fact finder could have concluded that the evidence established the defendant's guilt beyond a reasonable doubt." <u>Id.</u> We "review a district court's ruling on admission of evidence under the abuse of discretion standard." <u>United States v. Maragh</u>, 174 F.3d 1202, 1204 (11th Cir.), <u>modified on other grounds</u>, 189 F.3d 1315 (11th Cir. 1999).[1]

To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt, among other things, "that the firearm was in or affecting interstate commerce." <u>United States v. Deleveaux</u>, 205 F.3d 1292, 1297 (11th Cir. 2000).

We have held that "erroneous admission of evidence does not warrant reversal if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." <u>United States v. Harriston</u>, 329 F.3d 779, 789 (11th Cir. 2003) (quotations omitted) (noting also that error is harmless "where there is overwhelming evidence of guilt."). Williams' appeal

---

[1]It is not clear whether Williams challenges the sufficiency of his conviction for being a felon in possession of a firearm or the district court's admission of the testimony regarding the place of manufacture of the gun. However, under either standard, we affirm his conviction.

must be denied because, even charitably assuming *arguendo* that the district court did err in admitting those portions of the agent's testimony alleged to be testimonial hearsay, that error did not have a substantial influence on the outcome and because there was sufficient evidence to support the verdict. As the district court noted, the gun itself was in evidence and was stamped with the legend, "Made in U.S.A., Smith and Wesson, Springfield, Massachusetts." One could be "rationally able to conclude" that it was manufactured outside Florida. *United States v. Clay*, 355 F.3d 1281, 1287 (11th Cir. 2004) ("The dispositive question is whether, based on the evidence presented to the jury, it was *rationally able* to conclude that the weapon seized . . . was possessed in or affected interstate commerce.") Therefore, the district court's verdict is upheld.

**AFFIRMED.**