United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-40723
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                        versus

HOMERO GONZALEZ,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This case requires us to consider the conditions under which jury selection may be permissibly delegated to a magistrate judge. Homero Gonzalez was tried and convicted by jury. On appeal, he claims that the delegation of voir dire to a magistrate judge without his express personal assent was erroneous. We disagree and affirm.

                                        I.

A brief description of the procedural events leading up to trial provides a background for an understanding of the case. Gonzalez and his co-defendant were charged in a multi-count indictment with several drug-related offenses. Gonzalez pled not

guilty and elected to be tried by a jury. Prior to jury selection, Gonzalez appeared in court six times, twice before Magistrate Judge Arce-Flores, who presided over the initial appearance and the arraignment and bond hearing, and four times before District Judge Kazen for pretrial conferences. At no time during the conferences did District Judge Kazen propose delegating jury selection to Magistrate Judge Arce-Flores.

On January 21, 2005, jury selection was conducted before Magistrate Judge Arce-Flores. At the outset of the process, Judge Arce-Flores said: "I need to ask the parties at this time if they are going to consent to having the United States Magistrate Judge proceed in assisting in the jury selection of this case." The prosecutor responded: "Yes, we are, Your Honor." Gonzalez's attorney, Oscar Pena, also responded: "Yes, your Honor, we are." Magistrate Judge Arce-Flores then stated: "The parties have agreed through consent that this Court will be assisting through the process of jury selection."

Judge Arce-Flores then asked whether Gonzalez was present, and whether he required a translator to which Pena replied affirmatively. Judge Arce-Flores then said, "We're going to proceed this afternoon and I'd like to introduce myself at this time; I'm the United States Magistrate Judge, Adriana Arce-Flores, and I'm going to be conducting today's jury selection process." The magistrate judge never asked Gonzalez directly whether he

consented to having a magistrate judge perform jury selection. The record does not contain any kind of written consent.

The record shows that voir dire proceeded without incident. The magistrate provided a thorough explanation of the process to the parties and the venire members, and permitted both sides to make statements and ask their own series of questions. Gonzalez did not make any objections as to how jury selection was conducted. Gonzalez proceeded to trial before District Judge Duplantier and was found guilty on all counts. Gonzalez timely appealed from the judgment of conviction entered by the district court on April 29, 2005.

## II.

On appeal, Gonzalez argues that because he did not consent personally to the district court's delegation of jury selection to a magistrate judge, his case should be remanded for a new trial. Because Gonzalez raised this issue for the first time on appeal, we review for plain error. This appears to be the practice in the other circuits that have considered this type of claim. See United States v. Rivera-Sola, 713 F.2d 866, 874 (1st Cir. 1983); United States v. Jones, 938 F.2d 737, 744 (7th Cir. 1991); United States v. Maragh, 174 F.3d 1202, 1204 (11th Cir.), opinion supplemented on reh'g, 189 F.3d 1315, 1316 (11th Cir. 1999). Under the plain error standard, Gonzalez must demonstrate clear or obvious error that affected his substantial rights. United States v. Fernandez-Cusco, 447 F.3d 382, 385 (5th Cir. 2006).

3

A.

Under the Federal Magistrates Act, 28 U.S.C. § 636(b)(3), a federal district court may delegate certain pretrial Article III duties to a magistrate judge. The Supreme Court has twice considered the conditions under which voir dire permissibly may be delegated. In Gomez v. United States, 490 U.S. 858 (1989), the Supreme Court determined that permitting a magistrate to conduct voir dire over the express objection of the defendant was not a permissible delegation. Id. at 872. Subsequently, however, in Peretz v. United States, 501 U.S. 923 (1991), the Court held that under some circumstances, when the defendant does not object, voir dire is one of the Article III duties that may be delegated. Id. at 940.

Peretz was charged with importing heroin and elected to be tried by jury. Id. at 925. At a pretrial conference at which both he and his counsel were present, the district court asked if there was any objection to having a magistrate conduct jury selection. Id. Peretz's counsel said: "I would love the opportunity." Immediately before jury selection, "the Magistrate asked for, and received, assurances from counsel for [Peretz] ... that she had [his client's] consent to proceed with jury selection." Id. Peretz was tried and convicted. On appeal, he "contended that it was error to assign the jury selection to the Magistrate." Id. at 925. The Court granted certiorari to consider whether the delegation of voir dire with the defendant's consent exceeds the

4

scope of 28 U.S.C. § 636 or is inconsistent with Article III.  Id. at 927.[1]

The Court first considered whether permitting delegation of voir dire was consistent with the purposes of the Federal Magistrate Act.  Noting that "with the parties' consent, a district judge may delegate to a magistrate supervision of entire civil and misdemeanor trials," and that "these duties are comparable in responsibility and importance to presiding over voir dire at a felony trial," the Court determined that the Federal Magistrate Act's "additional duties" clause "permits a magistrate to supervise jury selection in a felony trial provided the parties consent." Id. at 933.  The Court then considered whether such a delegation is constitutional if done with the parties' consent and held that it is, relying on its earlier precedent holding that "[t]he most basic rights of criminal defendants are subject to waiver."  Id. at 936.[2]

---

[1] The Court also granted certiorari to consider whether "the conduct of petitioner and his attorney constitute[d] a waiver of the right to raise [the erroneous delegation] on appeal," id. (internal quotation marks and citation omitted), but ultimately did not reach this issue.  Id. at 940.

[2] The Court cites, inter alia, United States v. Gagnon, 470 U.S. 522, 528 (1985) (absence of objection constitutes waiver of right to be present at all stages of criminal trial); Levine v. United States, 362 U.S. 610, 619 (1960) (failure to object to closing of courtroom waives right to public trial); Segurola v. United States, 275 U.S. 106, 111 (1927) (failure to object constitutes waiver of Fourth Amendment right against unlawful search and seizure); United States v. Bascaro, 742 F.2d 1335, 1365 (11th Cir. 1984) (absence of objection is waiver of double jeopardy defense), cert. denied sub nom. Hobson v. United States, 472 U.S. 1017 (1985).

5

The Court concluded by noting that "[e]ven assuming that a litigant may not waive structural protections provided by Article III ... no such structural protections are implicated by the procedure followed in this case." Id. at 937 (internal citation omitted).

Peretz did not clearly address whether the magistrate judge must obtain the defendant's affirmative consent before conducting voir dire and, if so, whether the defendant must consent personally or whether counsel's consent is binding. The ambiguity in Peretz has led to a circuit split on what demonstration of consent is required to delegate jury selection. This appears to be a question of first impression for our court.

B.

Gonzalez relies heavily on the Eleventh Circuit decision in United States v. Maragh, 174 F.3d 1202 (11th Cir. 1999), which presented a factual scenario similar to this case. Prior to conducting jury selection, the magistrate judge said, "I am here to select a jury and everybody has agreed to me selecting the jury for Judge Graham. Is that correct?" Both the defense attorney and the Government attorney agreed. Id. at 1204. A divided panel found that it was "unclear whether counsel's response to the magistrate judge's question represented the defendant's consent" and remanded to the district court for a factual finding on this question.[3] Id.

---

[3] The dissenting judge would not have remanded for an evidentiary hearing, but instead would have held that the defendant's consent must be obtained on the record before the magistrate may conduct voir dire. Id. at 1207.

6

at 1205. The court then held "prospectively, under [its] supervisory powers ..., that henceforth it will be error for a magistrate to conduct voir dire in a felony case unless the record clearly shows that the defendant has knowingly consented to such procedure." Id. at 1207.

The Eleventh Circuit appears to be alone in having reached the conclusion that the defendant's personal consent is required for the delegation of jury selection to be constitutionally valid. The First Circuit, in contrast, has held that the delegation of voir dire is permissible unless the defendant objects. Failure to object constitutes a waiver. United States v. Desir, 273 F.3d 39, 44 (1st Cir. 2001). The Seventh Circuit has held that absent an objection, it is not plain error for a magistrate to conduct jury selection in a felony trial. United States v. Jones, 938 F.2d 737, 744 (7th Cir. 1991). The Ninth Circuit has not directly addressed jury selection but, relying on Peretz, has held that some form of affirmative consent is required before a magistrate judge may poll the jury. United States v. Gomez-Lepe, 207 F.3d 623, 631 (9th Cir. 2000). Similarly, the Eighth Circuit has found that some form of consent is required before a magistrate judge may supervise jury deliberations. Harris v. Folk Construction Co., 138 F.3d 365, 369-70 (8th Cir. 1998).[4]

---

[4] Neither Harris nor Gomez-Lepe discuss whether the required consent must be given by the defendant personally or whether consent given through counsel would be sufficient.

7

C.

Given the unsettled state of the law interpreting <u>Peretz</u>, and given that this court has never decided what level of consent is required (if any), it is difficult to see how Gonzalez could demonstrate that the delegation of jury selection constituted a plain error. Even if, however, we were to review under a less stringent standard, <u>Peretz</u> still provides little support for the position Gonzalez adopts. The fact pattern in <u>Peretz</u>, in which the delegation was found to be permissible, is almost identical to that in the instant case. Furthermore, there is no indication that the Court found the absence of specific consent by the defendant to be a dispositive, or even relevant consideration. No court other than the <u>Maragh</u> panel of the Eleventh Circuit has reached the outcome Gonzalez proposes, and the debate among the other circuits appears to turn on whether affirmative consent is required at all, not on what form this consent must take.

Although certain rights are so fundamental that they must be waived personally by the defendant, Gonzalez provides no support for his contention that the right to have an Article III judge conduct voir dire is among them. "What suffices for waiver depends on the nature of the right at issue. '[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake.'" <u>New York v. Hill</u>, 528 U.S. 110, 114 (2000) (quoting

8

<u>United States v. Olano</u>, 507 U.S. 725, 733 (1993)).  As the Government points out, the defendant does not, by waiving his right to have an Article III judge conduct voir dire, waive his right to judicial review of those proceedings.  The nature of the right given up is therefore limited, particularly as compared to the other rights that we have held may be waived via counsel.  <u>See, e.g.</u>, <u>United States v. Spiegel</u>, 604 F.2d 961, 964-66 (5th Cir. 1979) (counsel's waiver of a defendant's right to 12-person jury was binding on defendant); <u>United States v. Muhammed</u>, 165 F.3d 327, 332-33 (5th Cir. 1999) (counsel's waiver of defendant's right to have an Article III judge preside over a civil commitment hearing was binding on defendant); <u>Winters v. Cook</u>, 489 F.2d 174, 179 (5th Cir. 1973) (en banc) (defendant bound by attorney's decision to waive right to "constitutionally composed" grand jury in murder indictment).  In sum, there is no error here; the right to have an Article III judge conduct voir dire is one that may be waived through the consent of counsel.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.