## SEGUROLA ET AL. *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 195. Argued October 12, 1927.—Decided November 21, 1927.

1. Under the Organic Act of Porto Rico an accused person is entitled to have a copy of the information free of clerk's fees. P. 109.
2. Refusal to furnish the copy free is harmless when the accused, attended by counsel, waived the reading of the information and pleaded not guilty. P. 110.
3. Where evidence of a search and seizure of intoxicating liquor, including the liquor itself, clearly proved defendants guilty of illegal transportation, and was introduced without objection to the search and seizure, refusal to require a police officer on cross-examination to give the name of the person from whom he obtained information leading to the search, and refusal to sustain a motion to suppress the liquor as evidence upon the ground that the search and seizure were illegal, were not prejudicial. P. 111.
4. In a prosecution for transporting intoxicating liquor, the objection that the liquor was obtained by a search and seizure instituted without warrant or probable cause comes too late when raised for the first time after the liquor has been offered in evidence and admitted. P. 111.

16 F. (2d) 563, affirmed.

· CERTIORARI, 274 U. S. 729, to a judgment of the Circuit Court of Appeals which affirmed the conviction of the petitioners, in the District Court of the United States for Porto Rico, of the offense of transporting intoxicating liquors in violation of the National Prohibition Act.

*Mr. E. B. Wilcox,* with whom *Mr. Salvador Mestre* was on the brief, for petitioners.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* and *Messrs. Bethuel M. Webster, Jr.,* and *Ralston R. Irvine,* Special Assistants to the Attorney General, were on the brief, for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a review of a sentence against the petitioners upon a criminal information, filed in the District Court of the United States for Porto Rico, charging in the first count possession, and in the second count transportation, of intoxicating liquors in violation of the National Prohibition Act. The conviction on the possession count was set aside by the Circuit Court of Appeals, so that only the second count is here involved. Upon arraignment, petitioners waived a reading of the information and pleaded not guilty. Their counsel thereupon requested that they be furnished with a copy of the information free of charge. The request was denied by the court and an exception noted, the trial court stating that the defendants and their counsel were free to examine the information and to make copies themselves, or have the clerk make them on payment of his fee.

At the trial, Alfonso Ceballos, Chief of Police at Carolina, Porto Rico, testified for the prosecution that, having received a confidential telephone message that Segurola was driving a Buick automobile with a load of liquor from

Luquillo to Loiza, he procured one Ismael Colon to drive him in a Ford car out to a point on the road where he awaited the appearance of the Buick machine; that when that car appeared, he tried to intercept it by obstructing the road with the Ford, but Segurola operated his Buick so as to force the Ford aside, by threat of a collision, and went by at high speed; that the officer was in uniform, which Segurola must have observed; that he followed in the Ford into Carolina, where, owing to obstacles encountered by the Buick, he managed to get around in front of it, and when Segurola saw his way blocked by the Ford, he stopped the Buick, put it in reverse, and crashed into an electric-wire post; that Ceballos then arrested Segurola, as well as Santiago, who was sitting beside him, and that a search by Ceballos of the rear compartment of the Buick, which was a roadster, disclosed a number of sacks containing bottles of whiskey, brandy, and gin.

In the cross-examination, Ceballos was asked who gave him the information by telephone. Counsel for the Government objected that "they are the secrets of the police force, which should not be stated in a court of justice, and the stating of the source of such information would be against public policy." The objection was sustained and an exception noted. Evidence was given of the alcoholic content of the liquor and the identity of that examined with that seized. When the liquor was offered and received in evidence, it was objected to on the ground that it had not been properly identified, but the objection was overruled and the liquor admitted. Thereafter, counsel for the defendants moved to suppress the liquor, as evidence, on the ground that the search was without a warrant and did not appear to have been made upon probable cause, and, also, for the reason that, upon the issue of probable cause, defendants were not permitted to cross-examine the seizing officer as to the person from whom he

received by telephone the information which induced him to go to look for the Buick car. The motion was overruled. No objection was ever made to the evidence of the officers and others that liquor was found in the car and no evidence to dispute these facts was offered by the defense. At the close of the trial the jury found the defendants guilty as charged and the Court sentenced them to pay fines.

The case was carried upon writ of error to the Circuit Court of Appeals for the First Circuit. 16 Fed. (2d) 563. That Court affirmed the judgment, holding that the refusal to furnish a copy of the information without payment of a fee to the clerk was right and, even if erroneous, was, under the circumstances, a harmless error; that the refusal to permit cross-examination of the officer as to his informant in respect to the coming of Segurola and the contents of his car was in accord with approved public policy and that the circumstances constituted probable cause for a legal seizure.

The error assigned to the failure to direct the delivery of a copy of the information rests on the second section of the Organic Act of Porto Rico,—Act of March 2, 1917, c. 145, 39 Stat. 951, U. S. C., Title 48, § 737, in which it is provided that " in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, to be informed of the nature and cause of the accusation, to have a copy thereof, to have a speedy and public trial, to be confronted with the witnesses against him, and to have compulsory process for obtaining witnesses in his favor." The district judge held that this did not mean that the defendant was to have a copy of the information without paying the regular copying fees to the clerk. We think this was an erroneous construction of the statute. It was enacted by Congress to apply in a country where there were two languages, and in which a

criminal procedure, new in some of its aspects, was to be put into effect. It was not strange, therefore, that it was thought necessary *ex industria* to emphasize the means by which the accused could be advised of the charge made against him. These circumstances make the case of *United States* v. *VanDuzee*, 140 U. S. 169, 172, relied on by the Circuit Court of Appeals, inapplicable. The words do not appear in the analogous provisions of the guaranty of the rights of the accused in our Constitution. They should be given some real effect and the opportunity thus conferred to read the charge upon which the accused is brought into court should not be obstructed by the necessity for paying fees for its enjoyment. We think, therefore, that the court was wrong in not directing that a copy be furnished to each defendant. But that is very different from saying that because of the failure of the court to issue this order, the trial which ensued should be held for naught and a new trial had. As a matter of fact, the petitioners, when attended by counsel, waived a reading of the information and pleaded not guilty, which was an indication that they already knew what the information was and that they really suffered no prejudice which would justify a new trial. We agree with the Circuit Court of Appeals in its conclusion that in any view the error was a harmless one.

The questions which have been chiefly argued here are, first, the correctness of the refusal of the court to allow the police officer to be cross-examined as to the name of the person who communicated to him the information that the defendants were engaged in transporting liquor in a Buick car; and, second, the question of the existence of probable cause to justify the seizure of the automobile under the circumstances shown.

We think that these two questions do not arise, and that the judgment should be affirmed, without regard to the proper answer to them. The results of the search

and seizure were shown by the testimony of the chief of police and of the other witnesses without any objection on behalf of the defendants; and thus was disclosed the fact that the defendants had been engaged in transporting a large amount of liquor in the Buick. No motion was made to strike that evidence out, and no evidence was introduced to contradict what was disclosed by the statements of the chief of police and other witnesses upon this point. The only objection made toward the close of the evidence for the Government was that, when it was proposed to introduce the liquor, it had not been properly identified, but there was ample evidence to show that it had. The motion made thereafter to suppress the liquor as evidence, on the ground that there had been an illegal search, did not include a motion to strike out the evidence of the witnesses as to what occurred when the car was stopped. The objection to the seizure was plainly an after thought.

As there was no evidence introduced by the defendants to refute or deny the testimony unobjected to, which clearly showed the illegal transportation of the liquor and sustained the verdict, the admission in evidence of the liquor and the refusal to permit cross-examination of Ceballos worked no prejudice for which a reversal can be granted. Moreover, the principle laid down by this Court in *Adams* v. *New York*, 192 U. S. 585, and recognized as proper in *Weeks* v. *United States*, 232 U. S. 383, 395, and in *Marron* v. *United States, post,* p. 192, applies to render unavailing, under the circumstances of this case, the objection to the use of the liquor as evidence based on the Fourth Amendment. This principle is that, except where there has been no opportunity to present the matter in advance of trial, *Gouled* v. *United States,* 255 U. S. 298, 305; *Amos* v. *United States,* 255 U. S. 313, 316; *Agnello* v. *United States,* 269 U. S. 20, 34, a court, when engaged in trying a criminal case, will not take notice of

the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence, because the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it. In other words, in order to raise the question of illegal seizure, and an absence of probable cause in that seizure, the defendants should have moved to have the whiskey and other liquor returned to them as their property and as not subject to seizure or use as evidence. To preserve their rights under the Fourth Amendment, they must at least have seasonably objected to the production of the liquor in court. This they did not do, but waited until the liquor had been offered and admitted and then for the first time raised the question of legality of seizure and probable cause as a ground for withdrawing the liquor from consideration of the jury. This was too late.

On behalf of Santiago, the companion of Segurola in the Buick, it is urged that there was no evidence to justify his conviction and that his is a case of poor dog Tray. He accompanied Segurola from Luquillo to Carolina and in the race of cars which occurred on that trip. There were 188 bottles of liquor lying loose in eleven sacks in a box back of the seat under him in the Buick. He could hardly have been unconscious of their presence. The seizing officer said that Santiago was present and saw the liquor as seized. But Santiago testified that he didn't see the liquor and did not know why he and his companion were being taken to the station. In view of the jar of the collision of the Buick with the electric wire post and the exciting race between the cars and the contradicting evidence of the government witnesses, the jury evidently

thought that Santiago protested too much and had destroyed his credibility. We can not say that there was no evidence to sustain their verdict.

The judgment is

*Affirmed.*