## FLYNN v. UNITED STATES.

Circuit Court of Appeals, First Circuit. December 23, 1929.

No. 2382.

Hale, District Judge, dissenting.

Edwin C. Barringer and Joseph S. Ward, Jr., both of Boston, Mass., for appellant.

William W. Gallagher, Asst. U. S. Atty., of Portland, Me. (Frederick R. Dyer, U. S. Atty., of Portland, Me., on the brief), for the United States.

Before BINGHAM and ANDERSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. At the November term, 1928, of the District Court of Maine, on November 9, 1928, an indictment was returned against the defendant, Flynn, and three persons named Nolan, Daley, and Delano, charging that, during the period from April 1, 1928, to September 25, 1928, they had unlawfully and feloniously conspired together to violate section 3, title 2, of the National Prohibition Act (27 USCA § 12). There were three counts. In the first count they were charged with unlawfully and feloniously conspiring to violate said section 3 by unlawfully manufacturing intoxicating liquor; in the second, by unlawfully possessing it; and, in the third, by unlawfully selling it.

On November 13, 1928, four days after the indictment was returned, the defendants were called upon to plead. Nolan, Daley,

and Delano pleaded guilty. Flynn pleaded not guilty and was ordered at once to go to trial, although he had no counsel. He undertook to defend himself. On being ordered to trial, he "went to the bench and told the court he was not sure of himself and asked the court to protect his rights. The court agreed." Having received this assurance, he stated that he had some motions to make, which had not been put in writing, and asked leave to make them orally, and later submit them in writing, which he later did. He, thereupon and before the trial began, made a motion, which he called a motion to quash the indictment, stating certain reasons, one of which was that "on the 5th day of Sept., the indictment alleges certain possession of that evidence there (indicating certain articles that had been seized by Federal officers on September 5th); that I object to because it was not secured under the proper search warrant." These motions were denied subject to exception.

In the course of the trial, the government, through various witnesses, was allowed to introduce in evidence certain incriminating articles seized on September 5th by government officers under a warrant of that date. This warrant was issued for the search of a building occupied by said Flynn at Orland, in the county of Hancock, in which he was complained of as unlawfully possessing intoxicating liquor, described as, "the one and one-half story board camp, situated on the westerly side of the road leading from Bucksport to Hancock Pond, and on the easterly side of the said pond, and being the first building situated on said easterly side of said pond north of said road leading from Bucksport." In addition to introducing the seized articles, these witnesses were allowed to give testimony as to what they learned upon the search and seizure. This evidence was admitted subject to the defendant's exception, the court ruling that he was too late in raising the question; that he should have made a motion to suppress the evidence before the trial began.

The denial of the defendant's motions, made before the trial began, and the admission of the above evidence, are assigned as error and raise the principal questions in the case.

■ We think the court erred in denying the motions and in admitting the evidence. One of the oral motions made before the trial, although it at first indicates that it was directed to quashing the indictment, further along plainly shows that it was an objection directed to the use of the articles seized by the government under the warrant as evidence against the defendant, and for this reason that the warrant was improperly issued. And in view of the fact that the defendant had asked, and been assured, that the court would protect his rights, we think the court should have treated the motion as made for the suppression of the evidence acquired through the search and seizure, as that was plainly what the defendant was seeking, as indicated by the language of his motion.

■ In the affidavit, upon which the warrant issued, after describing the premises occupied by Flynn at Hancock Pond, the affiant, Maurice W. Greenlaw, a Federal Prohibition Agent, averred that "on the first day of Sept., 1928, one Frank St. Louis sold to one Ned Danforth in and upon said premises, certain intoxicating liquors, to wit, twelve bottles of gin." It was not averred that the affiant, Greenlaw, had personal knowledge of the alleged sale, and facts were not stated showing that he had reasonable grounds to believe that the fact averred, the sale, was true; and the warrant simply contained a recital of what was stated in the affidavit. This being the situation, the affidavit was defective and insufficient on its face to justify the issuance of a search warrant; and the search warrant was likewise on its face defective and invalid. Nothing was submitted to the commissioner upon which he could find probable cause for issuing the warrant. In addition to this, the evidence shows that Greenlaw had no personal knowledge that on the 1st day of September, 1928, one Frank St. Louis, whoever he was, sold to one Ned Danforth in and upon said premises, certain intoxicating liquors, as he had averred in his affidavit. However viewed, the warrant was improvidently issued and invalid.

■ It has been decided time and again that evidence acquired by government officers in the search of a defendant's premises on an invalid search warrant cannot be used against him, and, consequently, the articles seized and the evidence acquired by the officers on the search in this case were improperly received in evidence. The great bulk of the evidence came from this source. It is true that there was other evidence given by Daley and Nolan, alleged confederates of the defendant, who after pleading guilty testified for the government; but as the evidence that was improperly admitted was highly prejudicial and that of the alleged confederates, when unsupported by the excluded evidence, may not be believed by the jury, we are inclined to think that the case should be sent back for a new trial.

The judgment of the District Court is vacated, the verdict set aside and the case is remanded to that court for a new trial.

HALE, District Judge (dissenting). I cannot agree with my learned associates that the case should be sent back for a new trial. Flynn, being without counsel, requested the court to protect his rights. The record shows, I think, that the District Court did competently and sufficiently protect Flynn's rights. I am not satisfied that the motion to quash, made by the respondent, should be construed into a motion to suppress the evidence of an illegal seizure. The motion was clearly directed to the question of quashing the indictment. The respondent had sufficient time in advance of the trial with the aid of his counsel to present the motion to suppress evidence. He waited until the evidence was offered at the trial before making any effort to suppress. At the trial the learned judge found upon inquiry of the respondent that he had had counsel "up to now." He therefore had counsel at the time he should have prepared a proper motion to suppress.

In Segurola v. United States, 275 U. S. 106, 48 S. Ct. 77, 79, 72 L. Ed. 186, in speaking for the court, Chief Justice Taft said:

"Except where there has been no opportunity to present the matter in advance of trial, * * * a court, when engaged in trying a criminal case, will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence, because the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it. In other words, in order to raise the question of illegal seizure, and an absence of probable cause in that seizure, the defendants should have moved to have the whiskey and other liquor returned to them as their property and as not subject to seizure or use as evidence. To preserve their rights under the Fourth Amendment, they must at least have seasonably objected to the production of the liquor in court. This they did not do, but waited until the liquor had been offered and admitted and then for the first time raised the question of legality of seizure and probable cause as a ground for withdrawing the liquor from consideration of the jury. This was too late."

In the instant case I think the respondent should not be allowed to escape the punishment required in the orderly administration of justice by his plea that he did not receive suitable protection from the District Court. A careful reading of the record induces me to believe that he did receive such protection.

There may be grounds for holding that a certain affidavit was defective and insufficient on its face to justify the issuance of the search warrant; but I find other competent and sufficient evidence relating to the same facts covered by the evidence claimed to be incompetent. Daley and Nolan, the respondent's coconspirators, testified from their own knowledge as participants. Their testimony was competent and convincing. It seems clear to me that there was sufficient evidence to justify the verdict.

Upon the whole, I think the verdict of the jury should not be disturbed, and that the judgment of the District Court should not be vacated.