**ISAACS v. UNITED STATES.**

No. 9702.

Circuit Court of Appeals, Eighth Circuit.

July 24, 1933.

L. R. Doyle, of Lincoln, Neb., for appellant.

Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Edson Smith, and Lawrence I. Shaw, Asst. U. S. Attys., all of Omaha, Neb., on the brief), for the United States.

Before KENYON and GARDNER, Circuit Judges, and DEWEY, District Judge.

GARDNER, Circuit Judge.

The appellant was convicted of the unlawful transportation of intoxicating liquor, as defined by the National Prohibition Act, tit. 2, § 3 (27 USCA § 12). At the close of the government's testimony, appellant moved the court to direct the jury to return a verdict of not guilty, which motion being denied, he declined to submit any testimony, but went to the jury on the evidence produced by the government. The only question presented on this appeal is that of the sufficiency of the evidence to sustain the verdict and judgment.

The facts established by the testimony are substantially as follows: On April 18, 1932, an undercover man by the name of Bernard McGeer went to Harley's Drug Store in Lincoln, Neb., and from there called telephone number F–6847 and asked for Jerry. The call was answered by appellant, who advised that Jerry was sick in bed, but asked McGeer what he wanted. McGeer gave appellant his name and told him he wanted to buy a pint of "A," which, it is conceded, was interpreted by both the parties as meaning alcohol. McGeer asked appellant how much it was, and appellant told him it was $2 a pint. McGeer gave appellant his name

over the telephone, but appellant said he did not believe he knew him, but McGeer advised him that he was present at a place in the north part of Lincoln when appellant delivered some "A" out there. Appellant then asked that McGeer describe him, which he did. McGeer in his testimony, among other things, says: "I asked him how much it was and it was $2.00 a pint and he was to deliver it. He asked where I was at now and I said I am at Harley's Drug Store, and he asked where that is, and I said at the corner of 11th and O Streets. He asked me to describe myself, and I told him I was wearing a black sweater and gray trousers, and he said he would be down in about ten minutes. I then went over to the Harley Drug Store and waited about ten or fifteen minutes until this man came."

He identified McGeer, and the two walked out together to appellant's car, which was parked near the drug store. The parties stepped inside the car and closed the door. Isaacs told the witness that he had the alcohol with him, and again named the price at $2 a pint. The witness handed him a five dollar bill, and appellant counted out three one dollar bills, placing them across the witness' knee. At this stage of the negotiations, a federal prohibition investigator stepped to the door of the car, placed both the occupants under arrest, searched them, and found a pint bottle of alcohol in the car. He picked up the three one dollar bills, which were still exposed, and took both parties to the police station. On the way to the station, Isaacs pinched McGeer's leg, and when McGeer looked down Isaacs handed him the five dollar bill. The bottle of liquor was preserved and produced at the trial, and there was expert testimony that it was alcohol and tested 88 per cent., and that it was fit for beverage purposes. There was evidence that Isaacs drove the car, which was subsequently searched, to the place where it was parked; that he got out of it and walked to the drug store where he met McGeer; that the car was constantly watched from the time Isaacs left it until he and McGeer returned to it; and that no other person approached it during that time.

■ The evidence is undisputed that Isaacs drove the car to the place where it was parked. He had agreed to deliver a pint of alcohol. He went to the car for the manifest purpose of making delivery. He received the purchase price in anticipation of making delivery, and the pint of alcohol was found in his car. It conclusively appears that it was in the car when Isaacs drove the car up to the place where it was parked. It is urged that there was no proof that Isaacs owned the car, but that was wholly immaterial. The evidence was abundantly sufficient to warrant submitting the issue to the jury. Saxton v. United States (C. C. A. 8) 33 F.(2d) 65; Gurera v. United States (C. C. A. 8) 40 F.(2d) 338; Buchanan v. United States (C. C. A. 8) 15 F.(2d) 496; Beard v. United States (C. C. A. 8) 59 F.(2d) 940; Burkis v. United States (C. C. A. 3) 60 F.(2d) 452; Ritkofsky v. United States (C. C. A. 3) 60 F.(2d) 267; Segurola v. United States, 275 U. S. 106, 48 S. Ct. 77, 72 L. Ed. 186.

We are of the view that the appeal is wholly lacking in merit, and could scarcely have been prosecuted in good faith.

The judgment appealed from is therefore affirmed, and the cause is remanded to the lower court forthwith.