John L. **BAILEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21778.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 19, 1968.

Decided Oct. 10, 1968.

Mr. Arnold L. Yochelson, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert S. Bennett, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and TAMM, Circuit Judges.

DANAHER, Circuit Judge:

Convicted of narcotics violations, Bailey has here contended that his arrest was unlawful and that accordingly the search which disclosed his possession of narcotics was invalid. Additionally he argues that the trial court erred in refusing to suspend the trial and to conduct an inquiry into the issuance of the arrest warrant although he had made no pretrial motion to that end. We rule against him on both points.

The United States Commissioner on January 31, 1967 had issued a warrant for the arrest of Bailey on a charge of armed robbery.[1] The warrant in abundant detail had been sworn to by witnesses possessed of personal knowledge of the facts set forth. At a routine police roll call, the fact of the issuance of the warrant was brought to the notice of Officers Whitman and Knusta. Later that day the officers, who had a photograph of Bailey, saw Bailey enter a restaurant whereupon they followed him, identified themselves, told Bailey that he was being arrested under the authority of the war-

---

1. Bailey on August 28, 1968 was convicted of that very robbery.

rant,[2] and then escorted him to the street. There one of the officers "patted" Bailey to determine whether or not he was armed.[3] The officers attempted further search but were unsuccessful in that Bailey struggled and wrapped his arms and legs around a light pole. The officers then handcuffed him, within a few minutes took him to the 13th Precinct, booked him and contemporaneously searched appellant's clothing. They found a glass bottle with 64 capsules containing heroin, a plastic bottle containing 44 similar capsules and $265.

■ On the face of the record the search at the police station of which Bailey complains, so closely related in time and place to the point of arrest was clearly reasonable.[4]

■ But, appellant contends, the trial judge abused his discretion in refusing to suspend the trial and to permit an inquiry into the basis for the issuance of the arrest warrant in the first place. He had filed no pretrial motion seeking to achieve any such result, although the arrest had been made on January 31, 1967, and the trial did not get under way until December 15th of that year. The trial judge ruled that the motion was untimely. "If you were going to raise this issue, you should have done it long ago."[5] There was no showing as to reasons why the defense could not earlier have moved. There was no basis for a claim that an earlier opportunity had not existed. There was no abuse of discretion by the trial judge.[6]

We are thoroughly satisfied that there was no error, and the judgment of conviction must be

Affirmed.

---

2. FED.R.CRIM.P. 4(c) (3) expressly provides for the procedure here followed.

3. Surely the course thus followed was appropriate and reasonable. *See* Terry v. State of Ohio, 392 U.S. 1, 19, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

4. Cotton v. United States, 371 F.2d 385, 392 (9 Cir. 1967); Malone v. Crouse, 380 F.2d 741, 744 (10 Cir. 1967), cert. denied, 390 U.S. 968, 88 S.Ct. 1082, 19 L.Ed.2d 1174 (1968); Charles v. United States, 278 F.2d 386 (9 Cir.), cert. denied, 364 U.S. 831, 81 S.Ct. 46, 5 L.Ed.2d 59 (1960); *cf.* Vauss v. United States, 125 U.S.App.D.C. 228, 370 F.2d 250 (1966).

5. FED.R.CRIM.P. 41'(e) expressly provides, so far as is here pertinent, that any such motion "shall be made before trial or hearing unless opportunity therefor did not exist * * *."

6. Clearly there was no seasonable objection to the admission in evidence of the narcotics seized, and the defense motion simply came "too late." Segurola v. United States, 275 U.S. 106, 112, 48 S. Ct. 77, 72 L.Ed. 186 (1927).